## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA PHOENIX DIVISION

| | |
|---|---|
| **SCHELDON WARD**<br>      **Plaintiff,**<br><br>**v.**<br><br>**JEFFERSON CAPITAL SYSTEMS.,**<br>      **Defendant.** | ) **JURY TRIAL DEMANDED**<br>)<br>)<br>) **Case No.** **CV21-01020-PHX-DWL**<br>)<br>)<br>)<br>)<br>)<br>) |

FILED ___ LODGED
RECEIVED ___ COPY

JUN 1 1 2021

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.    INTRODUCTION

1.    This is an action for actual and statutory brought by Plaintiff Scheldon Ward an individual consumer, against Defendant, Jefferson Capital Systems., ("JCS") for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.    JURISDICTION AND VENUE

2.    Jurisdiction of this court arises under 15 U.S.C § 1692k(d) 28 U.S.C 1331. Venue in this District is proper in that the Defendants transact

business in Peoria, Maricopa County, Arizona, and the conduct complained of occurred in Peoria, Maricopa County, Arizona.

## III.   PARTIES

3.   Plaintiff Scheldon Ward (hereinafter "Mr. Ward") is a natural person residing in Peoria, Maricopa County, Arizona. Mr. Ward is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3).

4.   Upon information and belief, Defendant Jefferson Capital Systems., is a Minnesota corporation with its principal place of business located at 16 McLeLand Rd, St Cloud, MN 56303.

5.   Defendant Jefferson Capital Systems., is engaged in the collection of debt from consumers using the mail and telephone. Defendant regularly attempt to collect consumers' debts alleged to be due to another's.

## IV.   FACTS OF THE COMPLAINT

6.   Defendant Jefferson Capital Systems (hereinafter referred to as "Debt Collector") is a "debt collector" as defined by the FDCPA, 15 U.S.C 1692a(6).

7.   On or about November 12, 2020, Mr. Ward applied for a mortgage and was denied and saw inaccurate and false information.

8.      Mr. Ward disputed with Transunion, Equifax and Experian on November 12, 2020.

9.      On the report, the Mr. Ward observed a trade line from Debt Collector.

10.     Debt Collector furnished a trade line of $323, allegedly owned to Fingerhut Advantage.

11.     Debt Collector had the information disputed with Transunion, Equifax and Experian.

12.     On April 1, 2021, Plaintiff made a telephone call to Fingerhut Advantage however on April 1, 2021 call Fingerhut Advantage informed Plaintiff that no dispute has been giving to Fingerhut Advantage what so ever therefore violating 15 U.S.C § 1692e(8) pursuing to (*Perez v. Telecheck Servs., Inc., 208 F. Supp. 2d 1153 (D. Nev. 2002)*. Debt Collector failed to communicate that the debt was disputed.

13.     Debt Collector's publishing of such inaccurate and incomplete information has severely damaged the personal and credit reputation of Mr. Ward and caused severe humiliation, and emotional distress and mental anguish.

## V.    FIRST CLAIM FOR RELIEF
### (Defendant Jefferson Capital Systems)
### 15 U.S.C. §1692e(8)

14.   Mr. Ward re-alleges and reincorporates all previous paragraphs as if fully set out herein.

15.   The Debt Collector violated the FDCPA.

16.   The Debt Collector's violations include, but are not limited to, the following:

The Debt Collector violated 15 U.S.C § 1692e(8) of the FDCPA by failing to disclose to the Fingerhut Advantage that alleged debt was in dispute by Mr. Ward.

17.   As a result of the above violations of the FDCPA, the Defendants are liable to the Mr. Ward actual damages, statutory damages and cost.

## VI.   **JURY DEMAND AND PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Mr. Ward respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Debt Collector for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C 1692k(1)(2);

C. Statutory damages pursuant to 15 U.S.C 1692k(2);

D. Cost and reasonable attorney's fees pursuant to 15 U.S.C 1692k(3);

4

E. For such other and further relief as the Court may deem just and
proper.

Respectfully submitted:
Scheldon Ward
27295 N 90th Ave
Peoria, AZ 85383
918-320-3285
wardscheldon@yahoo.com